McKENNEY, APPELLEE, *v.* CITY OF CINCINNATI RETIREMENT SYSTEM, APPELLANT.

(No. C-800331—Decided May 20, 1981.)

*Messrs. Cors, Hair & Hartsock* and *Mr. Jeffrey P. Harris,* for appellee.

*Mr. Richard A. Castellini,* city solicitor, *Mr. Ely M. T. Ryder* and *Mr. Theodore Froncek,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

The instant appeal derives from the judgment of the Hamilton County Municipal Court awarding $317.92 to the plaintiff-appellee, Sandra McKenney, and enjoining the defendant-appellant, City of Cincinnati Retirement System, from deducting designated sums, from McKenney's salary in payment of a debt that had been discharged in prior bankruptcy proceedings. In the only assignment of error presented by the defendant-appellant, the issue is whether obligations arising under an unsecured loan made to a city employee on the basis of her contributions to a city retirement fund are exempt under the state law from discharge in bankruptcy.

The material facts upon which resolution of the issue posed by the appellant pivots appear in a stipulation, which has been made a part of the record on appeal. On December 12, 1978, McKenney filed a petition in federal bankruptcy court, seeking to be declared a voluntary bankrupt. Attached to the petition was a schedule listing various unsecured creditors' claims against her. One of the creditors appearing on the schedule was defendant-appellant City Retirement System (hereinafter Retirement System).

The appellant's claim arose as a consequence of McKenney's employment relationship with the city of Cincinnati. As a part of that relationship, McKenney had made contributions to the city's retirement fund through regular deductions from her paycheck. On September 8, 1978, she borrowed a sum of $1303 from the Retirement System under the terms of a municipal ordinance, and agreed in a promissory note to repay such sum in equal bi-weekly installments, which were to be deducted from her paycheck.[1]

On April 19, 1979, the bankruptcy court issued an order releasing McKenney "from all dischargeable debts."[2] Notwithstanding the order of discharge, the Retirement System continued to deduct the sums provided for in the promissory note from McKenney's bi-weekly paychecks, thereby causing her to commence the action now before us.

The complaint alleged that McKenney's obligations under the loan from the Retirement System constituted a debt that had been discharged as a result of the bankruptcy court's order. Accordingly, McKenney sought monetary relief to the extent that the Retirement System had taken deductions from her salary following the order of discharge and injunctive relief in the form of an order preventing any further deductions by the Retirement System. All relief requested in the complaint was granted by the court below in the judgment entered in McKenney's favor. There were, however, no separate findings of fact and conclusions of law accompanying the judgment entry.

Asserting in its singular assignment of error that the judgment of the court below was contrary to law, the appellant argues that McKenney's obligations under the loan agreement with the Retirement System were not subject to discharge under R.C. 145.56. The statute, it reasons, when read *in pari materia* with Section 6 of the Bankruptcy Act as it existed at the time of the proceedings below,[3] "exempts any rights accruing under a charter city retirement fund from the operation of the federal bankruptcy laws." The appellant concludes,

---

[1] According to the stipulation, the loan was considered to be "separate and distinct from [McKenney's] contributions to, or right to receive future benefits from, the Retirement System."

[2] The order did not refer specifically to the debt arising from the loan agreement between McKenney and the Retirement System.

[3] The bankruptcy provision reads as follows:

therefore, that it was entitled to continue its practice of deducting designated sums from McKenney's salary despite the existence of the order adjudging her a voluntary bankrupt.

R.C. 145.56 reads, in relevant part, as follows:

"The right of a person to a pension, as annuity, or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under sections 145.01 to 145.57 of the Revised Code, or of any municipal retirement system established subject to such sections, under the laws of this state or any charter, the various funds created by sections 145.01 to 145.57 of the Revised Code, or under such municipal retirement system, and all moneys and investments and income thereof, * * * shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or the insolvency laws, or other process of law * * *."

As we read the statute, it is designed to protect the interests of individuals participating in statutory retirement systems by preventing the use of funds held by such systems to discharge the claims of creditors against those individual participants, whether the claims arise in bankruptcy or in other legal proceedings. The statute therefore operates in a bankruptcy proceeding to exempt the debtor's interest in a retirement fund from application by the trustee to the recognized claims of creditors.

In our judgment, the statute does not address the situation confronting us in the instant cause where the Retirement System in its capacity as a creditor maintains that a particular debt owing to it was not subject to discharge in bankruptcy. It is one thing to recognize that the statute creates an exemption in favor of individual debtors; it is quite another to argue, as the appellant does, that such an exemption further operates to the benefit of creditors by creating a class of nondischargeable debts in bankruptcy. We must therefore conclude that the position taken by the appellant is contrary to the meaning and effect of R.C. 145.56.

Our conclusion should not, however, be construed as a complete rejection of the appellant's characterization of the legislative intent underlying the enactment of R.C. 145.56. We concede that the statute, at least in part, serves to protect the fiscal integrity of a municipal retirement system such as that in the instant cause, but the protection it affords is not achieved by exempting obligations under a loan made by a retirement system from discharge in bankruptcy.

Having determined that the bankruptcy court's order of discharge applied to McKenney's debt to the Retirement System, we hold that she was entitled to the relief granted by the trial court. The assignment of error is without merit.

The judgment of the Hamilton County Municipal Court is hereby affirmed.

*Judgment affirmed.*

SHANNON, P.J., PALMER and DOAN, JJ., concur.

---

"This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the state laws in force at the time of filing of the petition in the state wherein they have had their domicile for the six months immediately preceding the filing of the petition * * *."